UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

JAIMIE A. DIAZ O'NEILL,

       Plaintiff,

  -v-                                        14-CV-0533S
                                                 **ORDER**

AUTHORITY OF AQUEDUCTS AND SEWAGE OF PUERTO RICO,

       Defendants.

___

### INTRODUCTION

Plaintiff Jamie A. Diaz Oneill has filed this pro se action seeking relief under 42 U.S.C. § 1983 alleging a violation of his constitutional rights (Docket No. 1) and has requested permission to proceed in forma pauperis (Docket No. 2). Plaintiff's complaint appears to claim that the defendant, Authority of Aqueducts and Sewerage of Puerto Rico, "the Corporation Publishes of the Commonwealth of Puerto Rico, dedicated to the conversion of raw water to drinking and systems of drainage . . . in Puerto Rico," owes him millions of dollars in damages based on a ruling of the Board of Labor Relations of Puerto Rico. Plaintiff's complaint provides no allegations of a violation of his constitutional rights nor any support for his claim for damages against defendant.[1] For the reasons discussed below, plaintiff's request to proceed as a

___

[1] There are no allegations that plaintiff has a judgment in an action for the recovery of money "entered in any court of appeals, district court . . ." or has registered such a judgment by filing a certified copy of the judgment in this district court. See 28 U.S.C. § 1963.

poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil

---

[2] Plaintiff filed two other actions in this court shortly after the filing the instant complaint: *Oneill v. Dennys Corporate, et al.*, 14-CV-0621S (alleging that defendants "conspired to murder by quimics [sic], drugs, poison and or caused damages in the body on different dates."); *Oneill v. City of Buffalo, et al.*, 14-CV-0570S (alleging an arrest and theft of money from his vehicle).

2

Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Padus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted. "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). The complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993).

Upon a review of plaintiff's complaint, the Court finds that plaintiff fail's to state a claim upon which relief can be

3

granted. Plaintiff simply has not alleged facts sufficient to state a claim to relief that is "plausible on its face." *Twombly*, 544 U.S. at 570. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), especially where a complaint has been submitted *pro se*, *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994), such leave may be denied where amendment would be futile, such as in this case.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that plaintiff's other motions (Docket Nos. 3 and 4) are denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

---
MICHAEL A. TELESCA
United States District Judge

Dated: February 19, 2015
Rochester, New York